UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ELIZABETH ORDONEZ | )<br>)<br>) |
| PLAINTIFF, | )<br>) Case Number: 0:10-cv-60156-PAS |
| v. | )<br>) |
| ICON SKY HOLDINGS LLC F/K/A<br>PURE ICON LTD CO A/K/A PURE<br>ICON INC A/K/A PURE ICON<br>INTERNATIONAL A/K/A PURE<br>ICON ENTERTAINMENT,<br>and<br>NISHA ELIZABETH GEORGE A/K/A<br>NISHA BEHAVE A/K/A ELIZABETH<br>BEHAVE A/K/A LIZ BEHAVE A/K/A<br>MISS BEHAVE A/K/A ELIZABETH<br>SKYE A/K/A ELIZABETH SKY,<br>individually, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| DEFENDANTS. | )<br>) |

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Having granted Plaintiff's Renewed Motion for Final Default Judgment and Permanent Injunction,

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff, Elizabeth Ordonez, and against Defendants, Icon Sky Holdings LLC and Nisha Elizabeth George, on all counts of the Complaint as follows:

1. Plaintiff shall recover from Defendants, jointly and severally, $81,000.00 in damages for lost profits and business damage;

2. Plaintiff shall be awarded attorney's fees pursuant to 15 U.S.C. § 1117(a) of the Lanham Act in the amount of $25,000.00;

3.      Plaintiff is entitled to her costs pursuant to 15 U.S.C. § 1117(a) of the Lanham Act;

4.      The total monetary amount adjudged against Defendants, jointly and severally, is $106,000.00, which shall bear interest at the maximum legal rate, for WHICH LET EXECUTION ISSUE.

**IT IS FURTHER ORDERED AND ADJUDGED THAT:**

1.      The Court makes the following specific findings of fact confirming Plaintiff's ownership of the Elizabeth Sky service mark and trademarks in IC 9, 41, 25 and in similar classes of goods and services. The Commissioner of Trademarks, USPTO and the TTAB are Ordered to take action in a manner consistent with such findings with respect to TTAB CASE NOS. 91193039 and 91194626 and Applications Serial Nos. 77723555 and 77794974.

      a.      Plaintiff has valid state and federal service and trademark rights in Elizabeth Sky which predate and are superior to those of Defendants in International Classes ("IC") 9, 25 and 41. Plaintiff has used the Elizabeth Sky mark as early as June 30, 2006, and, in interstate commerce as early as September 1, 2006, as a stage name in association with the services she provides as a performer in the entertainment industry, as a professional dancer, model, choreographer, actress, host, and recording artist. Plaintiff also has been using the Elizabeth Sky mark in interstate commerce on and in association with her own hat line brand called "Funktality by Elizabeth Sky" since as early as December 25, 2006.

      b.      Defendants, jointly and severally, have never used the mark

Elizabeth Sky in interstate commerce prior to Plaintiff in any IC. Defendants have never actually sold any products and/or services under the mark Elizabeth Sky prior to February 2, 2010. Any and all statements to the contrary made by the Defendants in Defendants' IC 41 (Serial Number 77723555) and IC 25 (Serial Number 77794974) Applications to the USPTO for Federal Service and Trademarks, Defendants' Opposition to Plaintiff's Federal Trade and Service Mark Application in IC 9 & 41 (TTAB Case # 91193039), and Opposer's Opposition to Applicant's Application for Federal Trademark in IC 25 (TTAB Case #91194626) are false and fraudulent.

    c.    Defendants' use of the marks is solely to obtain acceptance of Defendants' services and products based on the merit, reputation, and goodwill of Plaintiff and her services and products. As such, Defendants' use of the marks, which are identical to Plaintiff's, is deceptive, fraudulent, misleading, and likely to cause public confusion as to the source of origin of the products and services of Plaintiff.

    d.    Defendants had prior knowledge of Plaintiff's claims to the Elizabeth Sky marks prior to filing their applications cited above. Defendants' Declarations, that no others had rights to the marks in Defendants' IC 25 and 41 Trademark Applications, were intentional and are false and fraudulent.

    e.    Defendants fraudulently submitted specimens in their abovementioned IC 25 and 41 Applications that were never used in interstate commerce, contrary to the statements they made in same.

2. Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith shall be permanently enjoined and restrained:

   a. From infringing the Elizabeth Sky service mark and trademark, and any variation thereof;

   b. From tortiously interfering with Plaintiff's contractual relations;

   c. From making defamatory statements about Plaintiff to third parties;

   d. From otherwise unfairly competing with Plaintiff; and

   e. From blocking Plaintiff from viewing their sites on the web.

3. In order to effectuate the permanent injunction:

   a. Defendants shall compose letters withdrawing any and all objections to Plaintiff's Elizabeth Sky trademarks and service marks and use of same as a profile or in the URL. Defendants shall send the letters, with a copy of this Final Judgment and Permanent Injunction to each and every provider of Plaintiff's prior social network website pages, online talent database web pages, and web pages on online entertainment publications and other websites that were removed, cancelled and/or changed against Plaintiff's will due to third party trademark infringement complaints including without limitation MySpace, Facebook, Twitter, ModelMayhem.com, YouTube, www.the305.com, and www.NoBodiesCrew.com   In the letter, Defendants shall also request

reinstatement of such social network website pages, online talent database web pages, and web pages on online entertainment publications and other websites in the name of Plaintiff.

b. Upon service of this Final Judgment upon any and all online social networks and other websites on which Defendants and/or others use the name Elizabeth Sky referring to the goods or services of Defendants, and/or any variation thereof, as part of the URL, profile name and/or mentioned anywhere on or in same in association with either Defendant, Defendants' Elizabeth Sky profiles, web pages, Defendants' presence in online talent databases, URLs, and, more generally, Defendants' online presence at such website, shall be cancelled and removed by such provider or owner of same; additionally, if Plaintiff is otherwise in compliance with said provider's terms of use, Plaintiff's, including but not limited to, profiles, web pages, URLs, and Plaintiff's presence in online talent databases and other publications and media, shall be reinstated and fully restored (where possible).

4. Defendants are Ordered to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction.

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Federal Rule of Civil Procedure 69(a), and Florida Rule of Civil Procedure 1.560, the judgment debtors, Defendants, shall complete, under oath, a Florida Rule of Civil Procedure Form 1.977 (Fact

Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, Charlotte Towne, Esq., Charlotte Towne, P.A., 100 N.W. 70th Avenue, Suite 203, Plantation, Florida 33317, within 45 days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment is stayed. Failure to complete the fact information sheet shall be just cause for further sanctions, including, but not limited to bodily attachment and/or a bench warrant. *See, e.g., Biggross, Inc. v. Matthews*, 2007 WL 2827566 (M.D. Fla. 26, 2007) (awarding sanctions for a defendant's failure to fill out a fact information sheet).

IT IS ALSO ORDERED that copies of this Judgment be served on Defendants by Plaintiff. Service by certified mail shall be deemed sufficient service.

DONE AND ORDERED in Miami, Florida this 30th day of August, 2011.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record